IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT LAWRENCE MILBOURNE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 07-4554 |
| WAYNE BROWN, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                               November 16, 2009

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Defendant Wayne Brown moves for dismissal on the ground that because of the long delay in service of the amended complaint, personal jurisdiction over him is lacking. His motion will be denied.

On October 29, 2007, plaintiff Brett Lawrence Milbourne, then pro se, filed a motion to proceed in forma pauperis and a complaint. On November 5, 2007, he filed an amended complaint. On November 13, 2007, the motion to proceed in forma pauperis was granted and the U.S. Marshal directed to serve the amended complaint in the event service was not waived. On November 29, 2007, a waiver of service was returned unexecuted as to defendant Brown, indicating that Brown no longer worked at defendant Chester County Prison.[1] On April 8, 2008, the U.S. Marshal reported an unsuccessful attempt at service at an address supplied by Chester County Prison, defendant Brown's last known employer. On June 9, 2008, the action was dismissed without prejudice under Fed. R. Civ. P. 4(m) for plaintiff's failure to serve defendant Brown. On August 8, 2008, the action was reinstated

---

[1] Defendant Chester County Prison waived service and filed a motion to dismiss the claims against it. On January 25, 2008, that motion was granted.

upon plaintiff's showing of good cause for the delay in service. The action was placed in suspense pending appointment of counsel. On October 14, 2008, counsel was appointed. On May 7, 2009, defendant Brown was served.

Under Fed. R. Civ. P. 4(m), a court is required to extend time to effect service if good cause is shown, and a court has discretion to dismiss an action or extend time for service regardless of a showing of good cause. MCI Telecommunications v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995), citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause for the delay is present, an extension of time in which to effect service must be granted. If good cause is not shown to exist, an extension may be granted nonetheless.

Here, plaintiff's response to defendant's motion states that at the time counsel was appointed, he mistakenly believed that the U.S. Marshal had completed service on defendant. Response, ¶ 27. However, a simple review of the docket would have revealed this to be a mistake, and it therefore does not constitute good cause for the delay. Plaintiff's response also details counsel's efforts to locate defendant Brown, including retaining a private investigator. But it does not explain why nearly seven months elapsed before defendant was located - or why there was no request for an extension of time in which to effect service.

Nevertheless, an extension may and will be granted. This action arises from an assault and battery on January 4, 2006 at the Chester County Prison. The amended complaint alleges that Brown assaulted plaintiff and was subsequently charged with Aggravated Assault and

2

Official Oppression, and ultimately pleaded guilty to Simple Assault and Official Oppression. Amended Complaint, ¶¶ 10-11, 21-22. As a result of the assault, he was discharged from his position with the Chester County Prison. Amended Complaint, ¶ 21. A dismissal of plaintiff's claims would bar recovery because of the expiration of the applicable two-year statute of limitations. The prejudice to defendant - being required to defend a time-barred claim - is outweighed by the prejudice to plaintiff if no extension were granted. Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007) (district court to weigh relative prejudice of extending time for service when statute of limitations has expired).

An order denying defendant's motion accompanies this memorandum.

BY THE COURT:

 /s/ Edmund V. Ludwig 
Edmund V. Ludwig, J.